On rehearing the opinion of this court issued on October 15, 1986 is withdrawn and the following substituted therefor.
This case involves breach of warranty and fraudulent concealment claims.
The plaintiff, Mr. Lionel Smith, purchased a used mobile home from the defendant, Mr. John Harlan, on June 3, 1981. Approximately two weeks after the purchase, the plaintiff began experiencing problems with the air conditioner duct, the floor, the back door, and the roof of the mobile home.
After discovering these defects the plaintiff instituted an action against the defendant for breach of contract, breach of warranty, and fraudulent concealment. In his answer the defendant denied all of the allegations of the plaintiff's complaint and filed counterclaims for fraud and breach of contract.
The trial began on September 23, 1985 in the Circuit Court of Dallas County, Alabama. At the close of the plaintiff's case the defendant moved for a directed verdict on the plaintiff's breach of contract, fraudulent concealment, and breach of warranty claims. The trial court entered a directed verdict with respect to the plaintiff's fraudulent concealment claim, and denied the defendant's motion with respect to all other claims. At the close of all of the evidence, the jury returned a $6,000 verdict in favor of the plaintiff. The jury also returned a general verdict against the defendant on his counterclaims for fraud and breach of contract.
The defendant subsequently moved for a judgment notwithstanding the verdict, or in the alternative, a motion for a new trial. The circuit judge denied both motions on April 15, 1986.
From this order the defendant appeals. The defendant argues the jury verdict is not supported by sufficient evidence and that the circuit court erred in denying his motion for j.n.o.v. and his motion for a new trial. The plaintiff cross appeals and says the trial court erred in directing a verdict on his fraudulent concealment claim.
The defendant says the plaintiff submitted insufficient evidence at trial on the issue of damages to support his breach of warranty claim. The plaintiff, however, argues that this court is precluded from reviewing the sufficiency of the evidence because the defendant failed to move for a directed verdict at the close of all of the evidence. We disagree with the plaintiff's contention because in Alabama an appellate court may review a trial court's denial of a party's motion for a new trial even if the party failed to file any previous motions. See, Independent Life Accident Insurance Co. v.Parker, 449 So.2d 233 (Ala. 1984).
In brief defendant specifically calls our attention to the plaintiff's failure to introduce sufficient evidence regarding the difference in the value of the mobile home *Page 945 
at the time and place of the acceptance of the mobile home and the value of the mobile home as warranted. See, § 7-2-714(2), Code 1975.
The defendant contends that this court should reverse the lower court's refusal to grant defendant's motion for a new trial because insufficient evidence existed to support the jury verdict. The plaintiff, on the other hand, says that he introduced sufficient evidence to sustain the jury verdict because he introduced evidence tending to establish the difference in the value of the mobile home as warranted and the actual value of the mobile home after discovery of the defects.
The Alabama Code provides for the measure of damages in a breach of warranty case. The applicable statute provides:
 "The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount. . . ."
§ 7-2-714(2), Code 1975.
This court has held that in order to prevail in a breach of warranty case a plaintiff must introduce sufficient evidence regarding the reasonable market value of the goods in question at the time of acceptance. See, Mobile Home Brokers, Inc. v.Clark, 346 So.2d 1156 (Ala.Civ.App. 1977). Furthermore, a plaintiff's failure to introduce sufficient evidence regarding the value of the goods at the time of acceptance will result in his inability to establish a prima facie breach of warranty case. See, Hubbard Brothers Construction Co. v. Brackner,390 So.2d 648 (Ala.Civ.App. 1980).
In the present case the record reveals that, while the plaintiff did not introduce any evidence regarding the value of the mobile home immediately after acceptance, he did introduce testimony regarding the value of the mobile home after discovery of the defects. The plaintiff specifically testified that, in his opinion, the mobile home was worth about $9,500 after he discovered all of the defects. These defects included the roof leaking in several places, and the floor buckling in places.
This court has held that a party's use of a product for a period of time after sale without notice of a defect constitutes "special circumstances" and takes the case out of the "time and acceptance" provisions of section 7-2-714(2).City Car Sales, Inc. v. McAlpin, 380 So.2d 865 (Ala.Civ.App. 1979). Therefore, one who lacks notice of a defect in a product need only prove the value of the item at the time of the effective discovery of the defect rather than proving the product's value at the date of acceptance. City Car Sales, Inc.v. McAlpin, supra.
In the present case the plaintiff testified that he began experiencing problems with the mobile home two weeks after purchase; however, the plaintiff testified that he did not discover all of the defects until six weeks after purchase. The plaintiff testified that after discovery of all of the defects he thought the mobile home was worth about $9,500.
This court has held that the fact that one has purchased a mobile home and lived in it for a period of time is sufficient to support his opinion as to the mobile home's value. See,Mobile Home Brokers, Inc. v. Clark, supra. Therefore, we hold that sufficient legal evidence existed to establish the value of the mobile home in the present case at the time of the plaintiff's discovery of the existing defects. For this reason, the jury verdict for the plaintiff was not against the great weight and preponderance of the evidence, and, therefore, for this court to allow it to stand would not be palpably wrong or manifestly unjust. Independent Life Accident Insurance Co. v.Parker, supra.
The next matter we must address concerns whether the trial court erred in directing a verdict in favor of the defendant on the plaintiff's claim for fraudulent concealment. The evidence indicates the plaintiff originally purchased the used mobile home for $16,000. Shortly after purchasing the mobile home, the plaintiff discovered the roof leaked. In his brief the *Page 946 
plaintiff says the evidence at trial demonstrates that the defendant fraudulently concealed this fact prior to the plaintiff's purchase of the mobile home.
Alabama has codified what was once a common-law cause of action for one's intentional suppression of material facts. The pertinent provision of the Alabama Code states:
 "Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case."
§ 6-5-102, Code 1975. See also, Jim Short Ford Sales v.Washington, 384 So.2d 83 (Ala. 1980). The plaintiff relies upon the statute in his brief, and argues that at least a scintilla of evidence exists to support his claim that the defendant's failure to disclose the existence of leaks in the mobile home's roof constituted fraudulent concealment.
Alabama case law indicates that the elements of a fraudulent concealment claim include (1) the existence of an undisclosed material fact, (2) the defendant's duty to disclose the material fact, and (3) the defendant's intentional failure to disclose the material fact when nondisclosure is intended to induce detrimental action. See, Jim Walter Mobile Homes, Inc.v. Waldrop, 448 So.2d 301 (Ala. 1983). The materiality of a particular fact is a question for the jury. Courtesy FordSales, Inc. v. Clark, 425 So.2d 1075 (Ala. 1983). Also, a "material fact" within the meaning of the applicable statute has been construed to be any fact which is likely to induce reliance on the part of the injured party. Crigler v. Salac,438 So.2d 1375 (Ala. 1983). Finally, our supreme court has held that the question of whether a party's intentional concealment of a material fact was intended to induce another's reliance is for the jury's determination. Marshall v. Crocker,387 So.2d 176 (Ala. 1980).
In the present case there is at least a scintilla of evidence on the issue of whether the leaking roof constituted a material fact, and the issue of whether the nondisclosure of the leaks was intended to induce the plaintiff's reliance. Therefore, the determination of whether the defendant was under a legal duty to disclose the fact of the leaking roof is the dispositive issue governing the plaintiff's cross appeal.
At the outset, we note that in Alabama no duty exists to disclose facts when the information is not requested, and mere silence does not constitute actionable fraud. Ray v.Montgomery, 399 So.2d 230 (Ala. 1980). Also, our cases have held that a vendor is under no duty to disclose a defect to purchasers if they are allowed to inspect and fail to inquire into the existence of any possible defects. See, Blankenship v.Ogle, 418 So.2d 126 (Ala.Civ.App. 1982). Other Alabama cases, however, have held that a defendant's liability to disclose material facts in an arm's-length transaction may arise either from a confidential relationship, Holdbrooks v. Central Bank,435 So.2d 1250 (Ala. 1983), or from the existence of special circumstances, Harrell v. Dodson, 398 So.2d 272 (Ala. 1981). Finally, in absence of a duty to disclose unknown facts, one may be liable for actionable fraud only if active concealment or misrepresentation exists. Collier v. Brown, 285 Ala. 40, 228 So.2d 800 (1969).
The record discloses the plaintiff knew he was purchasing a used mobile home. Also, the evidence demonstrates the plaintiff inspected the mobile home and failed to inquire into the existence of possible defects. Since the plaintiff inspected the mobile home and failed to inquire into any existing defects, the defendant's duty to disclose, if any, had to arise either from the existence of a confidential relationship or special circumstances. Bank of Red Bay v. King, 482 So.2d 274
(Ala. 1985).
In Jim Short Ford Sales, Inc. v. Washington, supra, the Alabama Supreme Court, in discussing the types of special circumstances which might give rise to a duty to disclose, stated:
 "Our own statute recognizes that situations other than those involving fiduciary relationships may give rise to a duty to disclose by providing that the 'obligation *Page 947 
to communicate may arise . . . from the particular circumstances of the case.' Our case law has construed such circumstances to exist where parties were not dealing at arm's length. . . . A duty to speak [also] depends upon the relation of the parties, the value of the particular [undisclosed] fact, the relative knowledge of the parties, and other circumstances." Id. at 86 (citations omitted, first ellipsis theirs, second ellipsis ours).
A careful reading of the record reveals the plaintiff failed to adduce any testimony tending to prove he was ever in a disadvantageous bargaining position prior to purchasing the mobile home. The plaintiff was afforded the opportunity to inspect, and inspected the mobile home a number of times. The plaintiff was given an adequate opportunity to inquire into any existing defects, yet nonetheless failed to inquire despite the fact he knew the mobile home was at least several years old. Also, since the plaintiff and defendant occupied the status of vendor-vendee during an arm's-length transaction, no confidential relationship appears to exist between the parties. Furthermore, the record discloses no other facts which would tend to create even an inference that the plaintiff, at any time, placed any trust or confidence in the defendant.
In absence of evidence tending to create at least a scintilla of evidence that either special circumstances or a confidential relationship existed between the parties, no duty existed on the part of the defendant to disclose the existence of the leaking roof. Therefore, the defendant's conduct constituted fraud only if he either actively concealed or misrepresented the existence of the leaking roof. Collier v. Brown, supra.
The record, however, divulges no instances in which the defendant actively concealed or misrepresented anything having to do with the fact that the mobile home's roof leaked. In fact, there is at least some evidence that the plaintiff may have been aware that the roof had leaked in the past. Since no evidence exists that the plaintiff inquired about defects, and since no evidence exists to indicate the defendant actively concealed or misrepresented the existence of leaks, the defendant in this arm's-length transaction was under no duty to disclose the leaking roof to the plaintiff. Since there is utterly no evidence of either a duty to disclose or active concealment or misrepresentation, the defendant cannot be liable for fraud under section 6-5-102. Therefore, the trial court properly directed a verdict in favor of the defendant on the plaintiffs fraud claim.
In conclusion, we affirm the jury verdict with respect to the breach of warranty claim, and affirm the trial court's order entering a directed verdict in favor of the defendant on the plaintiff's fraudulent concealment claim.
APPLICATION FOR REHEARING GRANTED.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.