ON APPLICATION FOR REHEARING
The opinion previously issued in this case is withdrawn and the following opinion is substituted therefor.
Martha and Timothy Cornelius appeal from a partial summary judgment in favor of the defendants in their action based upon allegations of fraud and breach of contract. The summary judgment was made final pursuant to Rule 54(b), A.R.Civ.P. The Corneliuses' contract claims are not at issue in this appeal, because the summary judgment disposed only of their tort claims. We affirm.
In September 1985, Douglas and Virginia Austin listed their house for sale with First Real Estate Corporation of Alabama ("First Real Estate"). Martha Cornelius noticed the "for sale" sign in the yard and called the agent. That evening the agent met Martha and Timothy Cornelius at the house. During the conversation with the agent, Mrs. Cornelius asked if there "were any problems with the house." The agent replied "no." Shortly thereafter, Mrs. Cornelius telephoned Mrs. Austin to discuss the house and asked if there were any problems with it. Mrs. Austin said "no."
On October 20, 1985, the parties executed a contract to sell the house to Martha Cornelius. A month later, on November 20, Brown Termite Company performed an inspection on the house. The termite inspector discovered water under the house and notified the sales agent. The agent telephoned Mrs. Austin and told her about the water.
When Mrs. Austin informed Mr. Austin of what the termite inspector had found, he opened a plywood trap door in the floor of the house where a floor furnace had once been. In the crawl space under the floor, he saw water. Mr. Austin covered the water with one or two wheelbarrow loads of sand and then closed the trap door.
The parties closed the sale six days later, on November 26, 1985. On December 14, 1985, the Corneliuses took possession of the house. Two days later, they discovered the trap door in the hallway. When the Corneliuses opened the trap door, they saw sewage in the crawl space.
On December 18, 1985, the Jefferson County Health Department issued a citation requiring that the defect be repaired. The Corneliuses contacted a plumber, who identified the problem as a defective septic tank. The plumber estimated that the cost of repairing the septic tank would exceed the cost of connecting the house to the city sewer system. The Corneliuses elected to connect the house to the city sewer system, and this lawsuit against the Austins and First Real Estate followed. *Page 1222 
The trial court entered summary judgment in favor of all defendants on the Corneliuses' fraud claim. The standard of review applicable to a summary judgment for a defendant is set out in Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986):
 "Summary judgment for a defendant is proper when there is no genuine issue of a material fact as to any element of a cause of action and the defendant is entitled to a judgment as a matter of law. If there is any evidence of every element of a cause of action, summary judgment is inappropriate. In determining whether there is any evidence to support every element of a cause of action in this case, this Court must review the record in a light most favorable to the plaintiffs and resolve all reasonable doubts against the defendant. . . ."
Citing Harrell v. Reynolds Metals Co., 495 So.2d 1381
(Ala. 1986). When the plaintiff alleges fraud, we have also held:
 "In order to avoid the granting of a summary judgment, once the defendant has made a prima facie showing that there was no fraud, the plaintiff must present at least a scintilla of evidence on each of the following four elements of fraud: (1) a false representation; (2) concerning a material fact; (3) reliance by the plaintiff; and (4) damages as a proximate result."
Harper v. First Alabama Bank of Dothan, 514 So.2d 1366, 1368
(Ala. 1987). Jarrard v. Nationwide Mutual Ins. Co.,495 So.2d 584, 586 (Ala. 1986). Under this rule, the plaintiff in a fraud action must adduce a scintilla of evidence of each element of fraud in order to raise a genuine issue of material fact and to show that the defendant is not entitled to a judgment as a matter of law. We carefully scrutinize the plaintiff's case in a fraud action because "it is the policy of courts not only to discourage fraud but also to discourage negligence and inattention to one's own interests." Torres v. State Farm Fire Casualty Co., 438 So.2d 757, 758-59 (Ala. 1983). In Torres, we held that "[i]f the purchaser blindly trusts, where he should not, and closes his eyes where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies, 'volunti non fit injuria'." 438 So.2d at 759 (quoting Munroe v.Pritchett, 16 Ala. 785, 789 (1849)).
In entering the summary judgment in favor of the defendants in this case, the trial court analyzed the Corneliuses' fraud claim as though it were based solely on the defendants' statements that there were "no problems" with the house. It did not address the actionability of the defendants' silence as to the discovery of water beneath the house, or of Mr. Austin's conduct in covering the water he found in the crawl space with sand. In this appeal, we review whether summary judgment was proper as to each of the Corneliuses' charges of fraud.
Reasoning as follows, the trial court held that the defendants' statements were not actionable:
 "The claim of the Plaintiffs regarding fraud is based upon a statement by the Defendants that there were 'no problems' with the house. The Plaintiffs had visited the residence on a number of occasions both prior to the execution of the sales contract and subsequent thereto before closing. Mr. Cornelius is knowledgeable regarding construction, having been in the construction business with his father for a number of years. Additionally, the sale was contingent upon the purchasers' obtaining an FHA loan. The FHA inspected the property [and its] inspection disclosed no defects, and the condition of the property met FHA requirements."
This analysis of the actionability of the defendants' statements is sound. In Ray v. Montgomery, 399 So.2d 230, 232
(Ala. 1980), we held that "[s]uch a statement is actionable only if it is a misrepresentation of material fact acted upon by the party to whom it was made." (Emphasis added.) At issue in Ray
was whether remarks by the seller of a house "that the house was supported by hewn pine timbers, had good support, was 'a nice house,' was solid and was in good condition" constituted fraud, given that there actually was *Page 1223 
termite damage to the substructure of the house. 399 So.2d at 232. We held that the comments were insufficient evidence of fraud, because they were "statements of the seller's opinion and not of fact." 399 So.2d at 232.
This Court elaborated on the distinction between fact and opinion in Harrell v. Dodson, 398 So.2d 272, 274 (Ala. 1981), where we held:
 "Whether a given representation is an expression of opinion or a statement of fact depends upon all the circumstances of the particular case, such as the form and subject matter of the representation and the knowledge, intelligence and relation of the respective parties."
This is precisely the analysis the trial court applied in the Corneliuses' case, in deciding that the defendants' statements were non-actionable. It noted that the Corneliuses visited the residence several times before and after the sales contract was executed, and that Mr. Cornelius was knowledgeable about construction from business experience with his father. We agree that the defendants' statements constitute an expression of opinion, not a misrepresentation of fact. Accordingly, we affirm the part of the trial court's judgment that holds that these statements are not legal fraud.
In addition to alleging fraudulent misrepresentation, the Corneliuses alleged fraudulent suppression. They claim that the failure of First Real Estate and the Austins to disclose that the termite inspector discovered water under the house is a fraudulent suppression under Ala. Code 1975, § 6-5-102, and deceit under § 6-5-104. Section 6-5-102 provides that "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud" and that "[t]he obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Section 6-5-104(b) provides that "[a] deceit within the meaning of this section [includes] . . . (3) The suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact."
In order to prevail against First Real Estate and the Austins in an action for fraudulent suppression, the Corneliuses must prove the four elements of suppression set out in Wilson v.Brown, 496 So.2d 756, 759 (Ala. 1986): "(1) a duty to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; and (4) action by the plaintiff to his injury." (Citing National ParkBank v. Louisville N.R.R., 199 Ala. 192, 74 So. 69 (1917).) The Corneliuses allege that the discovery of water under the house was a material fact that First Real Estate and the Austins were under an obligation to disclose, and that the concealment of that fact induced them to close the deal on the house, to their injury. This argument fails, however, because neither the Austins nor First Real Estate was under a duty to disclose the discovery of water under the house. We have held that "[t]here is no duty to disclose facts when information is not requested, and mere silence does not constitute fraud in the absence of a confidential relationship." Ray v. Montgomery,399 So.2d 230, 232 (Ala. 1980) (citing Collier v. Brown,285 Ala. 40, 228 So.2d 800 (1969)). The Corneliuses failed to ask about the condition of the plumbing in the house, and the sellers were not bound to report any defects in the septic tank. "Alabama retains the caveat emptor rule with regard to the resale of used residential real estate," Ray, 399 So.2d at 233, and the Corneliuses, therefore, were responsible for inspecting the plumbing to their satisfaction before closing. Their failure to inquire or inspect negates actionable fraud for the defendants' silence about the water under the house. Regarding the Corneliuses' claim of fraudulent suppression, summary judgment was thus proper for First Real Estate. As to the fraudulent suppression claim against the Austins, the Corneliuses raise an additional charge of active suppression, which we address in the remainder of this opinion. *Page 1224 
The Corneliuses contend that Mr. Austin is guilty of knowingly preventing them from discovering the septic tank defect before closing by covering the water in the crawl space with sand. They maintain that the water was really sewage and that if Mr. Austin had not covered it with sand, they either would have smelled sewage in the house or seen it in the crawl space before closing. Mr. Austin replies that there was no fraud because he had no knowledge of a material defect and had no intent to conceal anything. He maintains that on November 20 he found water, not sewage, under the house, and that he had no knowledge of any septic tank defect. He testified in his deposition that he put sand on the water only to enable the termite inspector to finish his inspection, not to hide any problem from the Corneliuses.
In Harrell v. Dodson, 398 So.2d 272, 276 (Ala. 1981), we held that proof of knowing concealment with intent to deceive may establish the obligation to disclose in an action claiming fraudulent concealment:
 "Respecting the issue of fraudulent concealment under Code 1975, §§ 6-5-102 and 6-5-104, one charged with that act or acts, must either be under an obligation to communicate either by virtue of the existence of a confidential relationship, or from the particular circumstances of the case, or must knowingly conceal a material fact with intent to deceive."
But the Court added the following caveat: "As a matter of law, one can only be liable for concealing facts of which one has knowledge." 398 So.2d at 276.
At issue in Harrell was whether the defendant fraudulently concealed defects in the foundation of the house that he sold to the plaintiff. He testified that he made several repairs to the house over a period of years, including jacking up floors and repairing cracked plaster. The most recent of the repairs was made over a year before he sold the house. This Court held that those facts did not "give rise to a reasonable inference that the sellers intentionally concealed a material fact for the purpose of continuing a false impression or suppressing inquiry, and thereby effecting a sale." 398 So.2d at 277.
The Corneliuses' evidence that the sellers knowingly concealed a material fact is more compelling than the facts inHarrell. While the seller in Harrell covered cracks in the plaster and jacked up the house over a year before the house was sold, Mr. Austin covered the water in the crawl space with sand only six days before the closing date. Moreover, the Corneliuses discovered sewage under the house only three weeks after Mr. Austin covered the water with sand.
The third element of Harper requires the plaintiffs to produce at least a scintilla of evidence that Mr. Austin's covering the alleged sewage with sand actually prevented them from seeing or smelling it before closing. Since the Corneliuses never knew about the trap door in the hall until December 16, after they took possession of the house, they would not have seen the sewage in the crawl space before closing even if Mr. Austin had not covered it with sand. In order for the Corneliuses to produce a scintilla of evidence that Mr. Austin's act prevented them from smelling the sewage before closing, they must show that they visited the house between the evening Mr. Austin covered the alleged sewage with sand and the closing six days later, and that they would have smelled sewage but for his act. Nowhere in the record do the Corneliuses present a scintilla of evidence that they were at the house during the six days before closing. If neither of the Corneliuses was at the house during those six days, then as a matter of law, Mr. Austin's act in covering the "sewage" did not prevent them from discovering the defective septic tank before closing and they cannot prevail in their action for fraud.
Moreover, plaintiffs can take nothing from the recent decision in Fennel Realty Co. v. Martin, 529 So.2d 1003
(Ala. 1988). The relevant quotation in that case follows:
 "Although Alabama retains the caveat emptor rule with regard to the resale of used residential real estate (Ray v. Montgomery, 399 So.2d 230
(Ala. 1980)), it is not applicable, under certain circumstances, *Page 1225 
when the purchaser of a used house inquires directly (either of the seller or of the seller's agent), prior to closing, about a material defect or condition of the home. If the agent is questioned directly, and the agent assumes the obligation to inspect the house for the defects inquired about and to disclose his findings to the buyer, the law imposes on the agent the duty of truthful disclosure of all material facts revealed by the inspection. Ray v. Montgomery, supra; Marshall v. Crocker, 387 So.2d 176 (Ala. 1980), citing Jordan Sons v. Pickett, 78 Ala. 331
(1884); and Ala. Code 1975, § 6-5-102.
 "Moreover, if the agent (whether of the buyer or of the seller) has knowledge of a material defect or condition that affects health or safety and the defect is not known to or readily observable by the buyer, the agent is under a duty to disclose the defect and is liable for damages caused by nondisclosure. This duty is also placed on the seller. See Cashion v. Ahmadi, 345 So.2d 268, 270
(Ala. 1977)."
The first paragraph of that quotation pertains to existing law as already discussed herein. The second paragraph, we respectfully observe, was written only in the context of a response to a specific inquiry revealed by the facts of theFennell Realty Co. case.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., not sitting.