Christopher E. Soniat and Deborah F. Soniat appeal from a summary judgment entered in favor of Johnson-Rast Hays; its employee, Peggy Miller; and Dr. Heide Rice (hereinafter "the defendants"). The Soniats had purchased a used residence from Rice; Johnson-Rast Hays's employee, Peggy Miller, was the listing agent for the sale. Shortly after moving into the house, the Soniats discovered that the house was infested with termites and that the house had substantial termite damage. The Soniats sued, alleging fraud, fraudulent concealment, and suppression of material facts. The trial court granted the defendants' motion for summary judgment, and the Soniats appealed.[1] *Page 1258 
A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The movant " 'bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.' " Lawson StateCommunity College v. First Continental Leasing Corp.,529 So.2d 926, 936 (Ala. 1988) (quoting Celotex Corp. v. Catrett,477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c))); see Berner v. Caldwell, 543 So.2d 686
(Ala. 1989). In order to defeat a properly supported motion for summary judgment, the nonmovant must present "substantial evidence" supporting the nonmovant's position and creating a genuine issue of material fact. See § 12-21-12, Ala. Code 1975; Ala.R.Civ.P. 56. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
Viewing the record before this Court, we find the following facts: The Soniats contracted to purchase a used residence from Rice. Miller represented the property as the exclusive listing agent. Before the closing of the sale, the Soniats viewed the property, but did not ask Miller or Rice about termites or prior termite damage. The Soniats had an independent inspector look over the property before the closing, and he did not report any termite damage.
Also, before the closing, Miller contacted American Termite Pest Control Company (hereinafter "American Termite"), the company that had provided termite protection to the property since 1980. When Rice purchased the house in 1980, American Termite provided her, at the closing, with a graph that showed termite damage to the house. Thereafter, when American Termite inspected the house, Rice acknowledged that the house contained "old termite damage."
Charles Sutton, the president of American Termite, testified that he had been contacted before the Soniat closing and asked to prepare a termite bond for the closing. Sutton testified that he put the following three items into an envelope: (1) a "termite letter" stating that American Termite had observed no live termites when it last inspected the property; (2) the termite bond; and (3) a graph showing where the house had old termite damage. According to Sutton, the envelope was left in American Termite's front office to be picked up. Sutton did not see who picked up the envelope.
At closing, Rice handed the Soniats the termite letter and the termite bond; the graph was not attached, and the letter and the bond were not in the envelope from American Termite. Rice testified in her deposition that Miller had agreed to pick up the envelope from American Termite. Miller testified that she did not pick up the envelope and that she had no idea how the termite letter and the bond got to the closing.
The Soniats argue on appeal that the summary judgment on their claims was improper because, they say, according to the facts presented either Rice or Miller had removed the graph showing old termite damage from the envelope so that the graph was not shown to the Soniats at closing. The Soniats allege that had they seen the graph they would not have bought the house, and that, but for the alleged "active" fraudulent concealment of the defendants, they would have seen the graph.
In order to establish fraudulent concealment, a plaintiff must show (1) that the defendant had a duty to disclose a material fact; (2) that the defendant either failed to disclose or concealed that material fact; (3) that the defendant's failure to disclose or his concealment of that material fact induced the plaintiff to act or to refrain from acting; and (4) that the plaintiff suffered damage as a result of his action, or inaction, induced by the defendant's failure to disclose or his concealment *Page 1259 
of the material fact. See Cornelius v. Austin, 542 So.2d 1220,1223 (Ala. 1989).
 I. DUTY TO DISCLOSE: KNOWING CONCEALMENT WITH INTENT TO DECEIVE
The defendants contend that they had no duty to disclose any facts relating to old termite damage because the Soniats never inquired about prior termite damage. See Cornelius, 542 So.2d at 1223 (the doctrine of caveat emptor applies in the resale of used residential real estate; there is no duty to disclose facts when information is not requested) (citing Ray v.Montgomery, 399 So.2d 230, 232-33 (Ala. 1980)). However, "proof of knowing concealment with intent to deceive may establish the obligation to disclose in an action claiming fraudulent concealment." Cornelius, 542 So.2d at 1224 (citing Harrell v.Dodson, 398 So.2d 272, 276 (Ala. 1981)). In other words, a defendant who has no duty to disclose arising from his relationship with the plaintiff or the special circumstances of the transaction may nevertheless be liable for fraudulent concealment if he knowingly takes action to conceal a material fact with the intent to deceive or mislead the plaintiff. See §6-5-103, Ala. Code 1975 ("Mere concealment of . . . a fact,unless done in such a manner as to deceive and mislead, will not support an action [for deceit]." (emphasis added)); §6-5-104(b), Ala. Code 1975 ("A deceit within the meaning of this section [includes] (3) The suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact. . . ."). Therefore, proof that the defendants knowingly concealed the graph with the intent to deceive the Soniats will establish the first element, a duty to disclose.
 A. Knowing concealment
This Court has held:
 " 'Concealment implies design, or purpose. That it may furnish a sufficient cause of action, the fact suppressed must not be only material, but the materiality must either be known to the seller, or the facts must so constitute an element of the value of the contract, as to authorize the inference of knowledge of its materiality.' "
Marshall v. Crocker, 387 So.2d 176, 179 (Ala. 1980) (quotingJordan Sons v. Pickett, 78 Ala. 331, 339 (1884)). "[A] 'material fact' [is] any fact which is likely to induce reliance on the part of the injured party," and the materiality of a particular fact is a jury question. Harlan v. Smith,507 So.2d 943, 946 (Ala.Civ.App. 1986).
As a condition to closing, the Soniats required a termite bond, which was prepared by American Termite. Sutton testified that he had included the graph with the termite letter and the termite bond so that the buyer would have the full picture of the existing termite damage. The Soniats testified that they would not have gone through with the closing if they had seen the graph. Therefore, we hold that the jury could find that the graph was a material fact.
Also, assuming that the jury could find that one of the defendants removed the graph, the jury could infer that the graph was removed for the purpose of concealing the graph from the Soniats and that the defendant removing the graphknew of the graph's materiality to the transaction. The defendants, however, contend that the record fails to show that they had knowledge of the "material fact" because they say they did not know that the property had either old termite damage or live termite infestation. Regardless of whether the defendants knew about a prior or an existing termite problem, the "material fact" suppressed was that American Termite had provided a graph to be given the Soniats at the closing that showed old termite damage. This fact was necessarily "known" to whoever removed the graph from the envelope. Therefore, reviewing the evidence before the trial court on the summary judgment motion, we hold that the Soniats presented substantial evidence from which the jury could infer that the defendants knowingly concealed a material fact.
 B. Intent to deceive
This Court has held that, to be actionable as fraudulent concealment, the knowing concealment must be made with the intent to deceive or mislead the plaintiff. "Though the intention is a question for the jury, where the *Page 1260 
fact and its materiality are known to the seller, and thesuppression is willful or intentional, it may be regarded as done with an intention to deceive or mislead. . . ." Marshall, 387 So.2d at 179 (quoting Jordan Sons, 78 Ala. at 339) (emphasis added). In this case, the record shows substantial evidence from which a jury could infer that the suppression of the graph was intentional. The record shows that American Termite produced the graph, along with the termite letter and the termite bond, for the benefit of the Soniats. The three documents were placed in an envelope and that envelope was picked up from the offices of American Termite. However, the Soniats, at the closing, received only the termite letter and the termite bond and did not receive the graph. From this evidence a jury could infer that the graph, which we have already found to be a material fact known to the defendants, was intentionally removed from the envelope with the intent to "deceive or mislead." See Marshall, 387 So.2d at 179.
 II. FAILURE TO DISCLOSE A MATERIAL FACT A. Material fact
As discussed above, the "material fact" alleged to have been suppressed is the graph from American Termite. The record contains substantial evidence that the fact was material.See discussion supra.
 B. Failure by defendant or defendants to disclose
Although the evidence is clearly disputed as to who actually picked up the envelope from American Termite, there is substantial evidence that either Rice or Miller picked up the package. Rice testified that she and Miller had discussed who would pick up the envelope and that Miller had agreed to get it. Sutton also testified that usually the real estate agent picked up the envelope. Miller, on the other hand, testified that she did not pick up the envelope and does not know how the termite letter and the termite bond got to the closing. The Soniats testified that Rice gave them the termite letter and the termite bond at closing.
However, it is undisputed that the Soniats received only the termite bond and the termite letter. These two documents had been removed from the American Termite envelope, and the only item missing was the graph showing old termite damage. A jury could infer from Rice's subsequent presentation of two of the three items at the closing that one of the two defendants had picked up the envelope from American Termite and had removed the graph from the envelope before giving the remaining items to the Soniats at closing. Therefore, the record reveals substantial evidence that Miller and/or Rice concealed the graph from the Soniats.
 III. PLAINTIFF INDUCED TO ACT OR TO REFRAIN FROM ACTING
The Soniats testified that they would not have bought the house had they seen the graph at the closing. Their testimony, if believed, would be sufficient to support a jury finding that they were induced to act because they had not been provided all the facts. We note that the defendants argue that the Soniats did not rely on the absent graph because the Soniats had had the property independently inspected. Nevertheless, this Court has stated:
 "It is not indispensable that the misrepresentation or concealment shall be the sole inducement; it is sufficient if it materially contributes, and is of such character that the purchaser would not have consummated the contract, had he known the falsity of the statement, or the fact suppressed."
Marshall, 387 So.2d at 178 (quoting Jordan Sons,78 Ala. at 338) (emphasis added).
We note that the inspection produced no information regarding the old termite damage. We also note that the Soniats stated that they would not have bought the house if they had seen the graph. Therefore, we hold that there is sufficient evidence from which a jury could find that the suppression of the graph "materially contribute[d] and [was] of such character that the [Soniats] would not have consummated the contract, had [they] known . . . the fact suppressed." See id. *Page 1261 
 IV. DAMAGE
The Soniats presented substantial evidence that they have suffered damage. They testified that, as a result of the concealment of the graph, they purchased a house that needs extensive repair work because of prior termite damage.
 CONCLUSION
The summary judgment in favor of Rice and Johnson-Rast Hays is due to be reversed and this cause remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES and HOUSTON, JJ., concur.
MADDOX, J., dissents.
[1] The Soniats also sued Carol Fiedler and her employer, CKM Realty Company, which was the selling agency; Robert Toler d/b/a Home Inspection Consultants, who had inspected the house for the Soniats; and American Termite Pest Control, Inc., which had given a termite bond. The plaintiffs voluntarily dismissed Fiedler and CKM. The trial court denied Toler and American Termite's motions for summary judgment. The trial court certified the summary judgment in favor of Rice, Johnson-Rast Hays, and Miller as final, pursuant to Ala.R.Civ.P. 54(b). Miller was not named as an appellee.