THOMPSON, Judge,
dissenting.
“[T]he question of duty is a judgment whether the law will impose responsibility on a party for its conduct toward another.” State Farm Fire & Cas. Co. v. Owen, 729 So.2d 834, 839 (Ala.1998). Our supreme court has recently held that whether a duty exists is a question of law to be determined by the trial court. Id. Thus, the trial court must determine whether the facts alleged in a case give rise to a duty; if it decides that they do, then the jury decides whether those facts actually existed. State Farm Fire & Cas. Co. v. Owen, 729 So.2d at 840. However, if a trial court determines that no duty was owed to the plaintiff by the defendant, then the defendant is entitled to a judgment, as a matter of law. State Farm Fire & Cas. Co. v. Owen, supra. “By this process, the [trial] judge retains his ability to state what the law is, while the jury retains its responsibility to state what the facts are and whether the facts as proven justify the finding of a duty under the law.” 729 So.2d at 840. I would affirm the summary judgment because I believe that the trial court was correct in determining that the Bank owed no duty to Cole.
A duty to disclose a material fact about a transaction may be based on either statutory law or on the common law. Ex parte Ford Motor Credit Co., 717 So.2d 781 (Ala.1997). There is no statutory basis for requiring the Bank to disclose the termite inspection report to Cole; therefore, any duty to disclose must arise out of the common law.
*23 Our supreme court has set forth factors to evaluate in determining whether a party owes a duty to disclose to another party. Those factors include:
“(1) the relationship of the parties; (2) the relative knowledge of the parties; (3) the value of the particular fact; (4) the plaintiffs opportunity to ascertain the fact; (5) the customs of the trade; and (6) other relevant circumstances.”
State Farm Fire & Cas. Co. v. Owen, 729 So.2d at 842-43.
“It is well settled that, in the absence of a special confidential relationship, the general creditor-debtor relationship does not impose a fiduciary duty requiring ... disclosure.” Ex parte Ford Motor Credit Co., 717 So.2d 781, 786-87 (Ala.1997). Cole presented no evidence indicating a confidential relationship,between the Bank and Cole. Absent such a “special confidential relationship,” the law of this state does not impose a duty on a creditor to disclose information that is not specifically requested by the borrower. Ex parte Ford Motor Credit Co., 717 So.2d 781, 787 (Ala.1997). It is undisputed that at the time of closing, Cole did not inquire about the results of the termite inspection. There is nothing in the record indicating that it is a custom of the banking industry for a lender to inform a borrower of the condition of the property the borrower is purchasing.
The evidence, viewed in a light most favorable to Cole, indicates that the Bank had knowledge of the contents of the termite inspection report; Miller testified he delivered the termite inspection report and the termite bond to the Bank on the day of the closing. However, there is nothing in the record to show the Bank had any indication that Cole did not have a copy of the inspection report or that she did not know of the contents of that report.
There is nothing in the record establishing the estimated damage to the house or the estimated costs to repair the damage at the time of the closing; thus, it is difficult to ascertain the value of the information. However, as the majority noted, Cole testified that she would not have signed the closing papers if she had known that the house had suffered termite damage or a termite infestation.
After considering the factors set forth in State Farm, Fire & Cas. Co. v. Owen, supra, and the facts of this case, I must conclude that the Bank, as the lender, did not owe a duty of disclosure to Cole, the borrower.
“A defendant who has no duty to disclose arising from [its] relationship with the plaintiff or the special circumstances of the transaction may nevertheless be liable for fraudulent concealment if [it] knowingly takes action to conceal a material fact with the intent to deceive or mislead the plaintiff.” Soniat v. Johnson-Rast & Hays, 626 So.2d 1256 (Ala.1993). A “knowing concealment” “ ‘implies design, or purpose.’ ” 626 So.2d at 1259.
In Dodd v. Nelda Stephenson Chevrolet, Inc., 626 So.2d 1288 (Ala.1993), the Supreme Court of Alabama affirmed a summary judgment entered on Dodd’s claim for fraudulent concealment after concluding that Dodd had presented no evidence that the defendant automobile dealership, Hembree Motors, knowingly or actively concealed defects in the paint of an automobile Dodd had purchased. The receipt that documented the delivery of the automobile from the factory to Hembree Motors stated “ ‘[c]ar has serious paint problems all over. Factory.’ ” 626 So.2d at 1290. In affirming the summary judgment entered in favor of Hembree Motors on Dodd’s fraudulent concealment claim, the supreme court stated, “[ajlthough the delivery receipt constitutes substantial evidence from which a reasonable trier of fact *24 could infer that Hembree Motors knew of the paint problems, the record contains no evidence to support the inference that Hembree Motors actively or knowingly concealed these problems with an intent to deceive.” Dodd v. Nelda Stephenson Chevrolet, Inc., 626 So.2d at 1294.
Similarly, in this case there is nothing in the record to indicate that the Bank actively or knowingly concealed the termite inspection report with an intent to deceive or mislead Cole. Unlike the facts in Soniat v. Johnson-Rast & Hayes, 626 So.2d 1256 (Ala.1993), the termite inspection report was not a condition for closing the loan. Although Miller’s testimony that he delivered all of the termite inspection report papers to the Bank constitutes substantial evidence from which one could infer that the Bank knew of the results of the termite inspection report, there is nothing in the record to support a conclusion that the Bank actively and knowingly concealed the information from Cole with an intent to deceive her. See Dodd v. Nelda Stephenson Chevrolet, Inc., supra.
I would affirm the summary judgment entered in favor of the Bank on Cole’s claims of fraudulent concealment. Therefore, I must respectfully dissent.