I respectfully dissent because the record contains substantial evidence which invalidates the summary judgment entered by the trial court. I will recite the tendencies of the evidence most favorable to Cole, the plaintiff-nonmovant, as the courts are required to consider the evidence submitted on a motion for summary judgment.
Several factual circumstances created a duty in the bank to disclose the termite infestation to Cole. First, the bank had prepared the contract to sell and to buy to be executed by the seller, Miller, and the buyer, Cole, and had included the requirement for the termite inspection and bond in the contract for better security of the loan the bank wanted to make to Cole for the purchase of the house. Second, the bank told Cole she did not need a lawyer at closing. Third, at the closing, the bank had possession and knowledge of both the termite bond and the inspection report *Page 30 
revealing termite infestation. Fourth, the bank delivered to Cole at closing a copy of the termite bond without the accompanying termite-inspection report.
Under these circumstances, the bank's delivering the innocuous termite bond without the termite-inspection report revealing infestation constituted telling Cole a half-truth which would necessarily lull her into not inquiring further about termite infestation. The bank's telling Cole this half-truth under these circumstances created in the bank the duty to tell Cole the rest of the truth — that is, to provide Cole a copy of the inspection report revealing the infestation by termites.
The bank's withholding the termite-inspection report from Cole at the closing further constituted an active breach of the Bank's duty to tell Cole the rest of the truth about the termites. Moreover, the bank's dual interests in closing the loan support the inference that the bank suppressed the termite infestation with the intent to deceive Cole. The dual interests of the bank in closing the loan were, first, that Cole would pay the bank interest on the loan for the purchase price of the house and, second, from these purchase-price proceeds obtained by the seller Miller, the bank could simultaneously collect big debts owed it by Miller.
The special factual circumstances creating in the bank the duty to disclose the termite infestation to Cole, the active breach of that duty, the obvious materiality of the information suppressed, and the bank's intent to deceive or to mislead the plaintiff combined to constitute a valid claim for fraudulent suppression in this case. Ex parte Dial Kennels of Alabama, Inc.,771 So.2d 419 (Ala. 1999), and Soniat v. Johnson-Rast Hays,626 So.2d 1256 (Ala. 1993).
The main opinion expressly revises the language of the holding in Soniat, supra, in two ways. First, the main opinion eliminates from the Soniat holding the language to the effect that special circumstances can create a duty to disclose. This revision ignores established law. See, e.g., Dial Kennels, supra. Second, the main opinion adds to the Soniat holding an additional essential element: that the plaintiff must have requested the information suppressed by the defendant. Imposing the burden of this additional essential element on a plaintiff will reward a defendant for telling a plaintiff a half-truth and thereby lulling the plaintiff into not inquiring further. Soniat is good law as written by the Soniat Court.
Because substantial evidence of record supports the traditional essential elements of a fraudulent suppression by a violation of a duty created by special factual circumstances, summary judgment was inappropriate. Thus I would affirm the judgment of the Court of Civil Appeals reversing the summary judgment entered by the trial court in favor of the bank.
Cook and England, JJ., concur.