ROBERT P. BRADLEY, Retired Appellate Judge.
This is a child support arrearage and modification case.
The parties were divorced on April 18, 1977, and the mother was awarded custody of the two minor children. The father was ordered to pay $50 per week as child support.
In 1981, on the mother’s motion, the father’s support obligation was increased to $70 per week, he was ordered to pay one-half of certain orthodontic bills, and a visitation schedule was established.
In November 1982 the mother filed a rule nisi, asserting an arrearage in support and the failure of the father to pay one-half of the orthodontic bills incurred by one of the minor children. After a hearing the trial court determined the father’s arrearage to be $1,022.50 and established a payment schedule to resolve the arrearage.
In February 1983 an arrest warrant was issued in response to the father’s failure to abide by the payment schedule. An agreement between the parties was reached, and on February 10, 1984 the trial court entered another order and found the father to be $2,140 in arrears as of December 31, 1983 and ordered the father to pay, in addition to his regular child support payment, an additional $25 every other week to reduce the arrearage.
In December 1986 the Family Court of Jefferson County entered another order and found the father’s arrearage to be $7,420, ordered him to pay $2,000 within forty-five days, entered a wage withholding order, ordered him to pay $105 per week, with $35 to be applied to the arrearage, and ordered him to pay $240 annually for medical insurance for the children.
In January 1989 the father filed a petition seeking to reduce his support obligation, asserting that the parties’ elder child had attained majority in April 1987 and asking the court to credit his support arrearage by the “excess” support payments he had paid since April 1987.
After an ore tenus proceeding the trial court issued an order finding that the father was not in arrears “after giving ... credit for support payments made on behalf of the minor child ... [after] April 26, 1987,” and ordered the father to pay $70 per week for the support of the younger child.
The State of Alabama, on behalf of Joann M. Davis, filed a motion to alter or amend the judgment. After a hearing the trial court amended its order and directed the father to pay $720 representing insurance premiums paid by the mother which the father should have paid. All other relief requested was denied.
*61 On appeal the dispositive issue is whether the trial court erred by reducing the father’s arrearage by amounts of support paid after the elder son reached majority, but before a petition to modify was filed.
In Alabama, there is no authority for a court to credit the father with any support furnished for a child after the child reaches majority because the father has no legal obligation to furnish such support. See, § 26-1-1, Code 1975. Therefore, since the father has no legal obligation to support, he has no legal ground to claim a credit against the ordered amount. Weaver v. Weaver, 401 So.2d 77 (Ala.Civ.App.), cert. denied, 401 So.2d 78 (Ala.1981).
The court ordered a credit for support payments supposedly made by the father to the mother after one of the children reached majority. This the trial court is not authorized to do. See, Weaver.
Notwithstanding the trial court’s conclusion that no arrearage existed after the credit was given, the record reveals that the father paid at least $3,850 toward the arrearage of $7,420 at the time of the order, assuming that the father had fully complied with the support order of December 1986.
However, after carefully reviewing the record, we find it clear that some arrearage exists which had accrued before the child reached majority, although the trial court is in the best position to determine the exact amount. We reverse and remand for entry of a judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.