This appeal involves a patient who sued his dentist for allegedly submitting to his insurance company a false claim, and being paid for professional services that were never furnished to the patient. In deciding one of the legal issues presented, we must determine whether, to support a fraud claim, the misrepresentation must always be made to the party defrauded, or whether a third party can sue if he can show loss or injury resulting from the misrepresentation.
 FACTS
The plaintiff, James F. Thomas, went to see the defendant, Dr. Fred E. Halstead, who took several X-rays of Thomas's mouth and told him that he needed to crown teeth numbers 19 and 30. The parties are in sharp disagreement regarding the events that transpired after that meeting.
Thomas claims that he told Dr. Halstead's wife, who worked in the office and handled her husband's billing and filing of insurance claims, that he was covered by Blue Cross and Blue Shield insurance and that it should pay 80% of the charges incurred. It appears that Dr. Halstead's wife and Thomas disagreed about whether Blue Cross would pay 80% of the charges, but, in any event, it is undisputed that Dr. Halstead submitted a claim to Blue Cross and that Blue Cross paid on behalf of Thomas the amount payable under the policy for crowning two teeth. Thomas claims that the parties agreed that a claim form would be sent to Blue Cross, not to request payment, but only to determine coverage, and that after the form was mailed to Blue Cross, he returned to Dr. Halstead's office with a Blue Cross handbook that discussed coverage. Thomas claims that he never scheduled another appointment with Halstead. Dr. Halstead disputes Thomas's version of what transpired. He claims that he and Thomas agreed that Thomas would have him crown two teeth, and that Thomas made a return appointment, but that he did not keep that appointment.
In any event, Thomas went to visit another dentist, Dr. Dyar, and had 5 teeth crowned, including teeth numbers 19 and 30. Dr. Dyar filed an insurance claim with Blue Cross, but Blue Cross refused to pay for the crowns that Dr. Dyer admittedly put on teeth numbers 19 and 30, because Dr. Halstead had already been paid for crowning them. Thomas contacted Dr. Halstead concerning the payment to him for the crowns on teeth numbers 19 and 30. Dr. Halstead initially denied having received any payment from Blue Cross. *Page 1183 
Thomas engaged an attorney, who contacted Blue Cross and discovered that Blue Cross had paid Dr. Halstead $424.00 for crowns on teeth numbers 19 and 30. Subsequently, Blue Cross sent Dr. Halstead a letter asking for an explanation of the claim or for a refund. Dr. Halstead responded by stating that he did not do any work and had not been paid for doing any work. He stated, however, "If an error has been made and we have proof that this check was issued in Mr. Thomas's name, we will take care of this matter in a timely fashion."
Blue Cross sent Dr. Halstead a copy of the claim that was submitted to it, with his signature, and a copy of a canceled check made out to him, which carried his indorsement on the back. Dr. Halstead then refunded the $424.00 to Blue Cross.
Thomas sued Dr. Halstead, alleging, among other things, that Dr. Halstead was guilty of making, both directly and indirectly, a false representation. He claimed $10,000 as compensatory damages and $250,000 as punitive damages.
Dr. Halstead filed a motion to dismiss on the ground that Thomas had failed to state a claim upon which any relief could be granted. The trial court denied the motion to dismiss. Dr. Halstead subsequently answered the complaint and filed a motion for summary judgment, which the trial court, after considering the evidence submitted with the motion, eventually granted in Dr. Halstead's favor. On appeal, Thomas argues that he had offered "substantial evidence" of facts establishing a claim for relief. We agree.
 I
According to the provisions of Ala. Code 1975, § 6-5-100, a party damaged by fraud has a right of action. Section 6-5-101
reads:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
This Court has previously stated:
 " 'Regardless of whether the representations were made willfully, recklessly, or mistakenly, it has been held: (1) that there must a false representation; (2) that the false representation must concern a material existing fact; (3) that the plaintiff must rely upon the false representation; and (4) that the plaintiff must be damaged as a proximate result.' "
Griggs v. Finley, 565 So.2d 154, 160 (Ala. 990), quotingHammond v. City of Gadsden, 493 So.2d 1374 (Ala. 986). SeeInternational Resorts, Inc. v. Lambert, 350 So.2d 391
(Ala. 977).
In opposition to the motion for summary judgment, Thomas presented evidence that Dr. Halstead had filed an insurance claim with Blue Cross requesting payment for work done on teeth numbers 19 and 30, which admittedly he did not do.[1] Thomas, who had a limited education, testified in his deposition that he signed the claim form, under Halstead's direction, in order to find out how much Blue Cross would pay for the crowns, because he and Mrs. Halstead disputed the amount that would be paid, but that he never authorized the submission of a claim for work that was not done. Based on the claim form submitted, Blue Cross paid the claim. Thomas presented as evidence a copy of a check mailed to Dr. Halstead from Blue Cross in the amount of $424.00 with Dr. Halstead's indorsement on the back. He also produced correspondence between Blue Cross and Halstead concerning the payment.
The fact that Dr. Halstead was paid for professional services he did not render is not now disputed. In his deposition, Dr. Halstead stated, "I will admit to receiving a check from Blue Cross and Blue Shield for four hundred and twenty-four dollars that was based upon a claim for two crowns that we did not do." Halstead's defense was that because of a "bookkeeping *Page 1184 
error" he cashed the check and did not credit it to Thomas's account. He claimed that as soon as the mistake was brought to his attention he returned the money.
 II
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
 " 'The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601
(Ala. 980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 980).' "
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 989) (quotingSchoen v. Gulledge, 481 So.2d 1094 (Ala. 985)). Because this action was not pending on June 11, 1987, Ala. Code 1975, §12-21-12, mandates that the nonmovant meet his burden by "substantial evidence." Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 989).[2]
 III
Dr. Halstead argues that Thomas has not sustained his burden, specifically, that the facts Thomas alleged do not state a cause of action for fraud. He mainly argues that the evidence shows conclusively that any representation was made to Blue Cross, and not to Thomas. We disagree. Thomas presented evidence that Halstead misrepresented, directly to him, the purpose for his signature on the claim form. Thomas claims that he signed the claim form in order for Halstead to receive an estimate, and not a payment.
Thomas also argues that, even if a misrepresentation was not made directly to him, a misrepresentation, made to his insurance carrier, which is legally obligated to pay valid claims submitted to it for dental expenses incurred by him, is sufficient to satisfy the misrepresentation element of a fraud action. We agree.
The general rule is that a deceit must be practiced directly on the person injured, but Thomas argues that this Court has previously expanded a person's standing to sue to include representations that were not made directly to the person who sues. Thomas cites National States Ins. Co. v. Jones,393 So.2d 1361 (Ala. 980), where this Court held that a niece had standing to sue, even though the representation was not made to her, but to her aunt, since deceased. While generally "[a] stranger to a transaction . . . has no right of action [for fraud]" there is an exception to this general rule: "If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place." 37 C.J.S. Fraud § 60, p. 344 (1943), SeeSims v. Tigrett, 229 Ala. 486, 158 So. 326 (1934).
In Alabama, it is not always necessary to prove that a misrepresentation was made directly to the person who claims to have been injured. In Sims v. Tigrett, 229 Ala. 486, 491,158 So. 326 (1934), this Court stated:
 "But we may observe that if defendant caused the representations to be made, and the public were intended to be thereby induced to act upon them, and plaintiff was within the class of those so contemplated, the action for deceit against defendant may be maintained by plaintiff, though defendant did not sell *Page 1185 
the bonds to plaintiff, but sold them to another, and he to plaintiff, both in reliance on the truth of the representations. King v. Livingston Mfg. Co., 180 Ala. 118, 126, 60 So. 143; 26 C.J. 1121, §§ 47, 48."
Sims, 229 Ala. at 491, 158 So. at 330.
 IV
Applying this rule of law, we have examined the evidence presented by the plaintiff in opposition to the defendant's motion for summary judgment, and we find substantial evidence from which a factfinder could conclude that Dr. Halstead submitted to Blue Cross a claim form, with Thomas's signature on it, which Thomas did not authorize to be filed for payment.
It is undisputed that Thomas contracted with Blue Cross to pay, on his behalf, covered charges to medical service providers such as Dr. Halstead. It is also undisputed that Thomas had paid a premium for this insurance coverage, and that the claim he made under the policy for the crowning of teeth numbers 19 and 30 was not honored because a claim had previously been paid to Dr. Halstead for the crowning of these same two teeth. The evidence shows that Thomas was required to pay Dr. Dyar, who actually did the crown work, even though his policy would have covered the charge but for the previous claim filed by Dr. Halstead.
We hold, therefore, that there was substantial evidence from which a factfinder could infer that Thomas relied on Halstead's representation that his signature would be used only for an estimate and that Blue Cross relied upon the information sent to it, paying the claim on Thomas's behalf, even though the work had not been performed.
We recognize, of course, that Dr. Halstead claims his submission of the claim to Blue Cross and his receipt of payment were the result of a bookkeeping error, but that claim is disputed by Thomas; consequently, we cannot conclude, as a matter of law, that Thomas cannot recover. In short, a fact question is presented. We hold, therefore, that Dr. Halstead was not entitled to a judgment as a matter of law.
Based on the foregoing, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
HORNSBY, C.J., concurs in the result.
[1] Dr. Halstead presented evidence that he contends shows that the payment to him resulted from a "billing mistake."
[2] Under the substantial evidence test the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 989).