ROBERTSON, Presiding Judge.
Mary Donnelle Brown (mother) and Richard T. Brown (father) were divorced on August 23, 1976. Two children were born of the marriage, Kelli Denise and Jennifer Leigh. The final judgment of divorce provided, inter alia, that the mother have custody of the two minor children; that the father pay $200 per month per child ($400) for the support of the two children; and that the father pay all doctor and dental bills of the two children which exceed $50.
On August 28, 1991, the mother filed a petition for modification. The mother alleged, inter alia, that Kelli had reached the age of majority; that the father had failed *377 to pay certain doctor and dental bills for Jennifer; that the amount of child support for Jennifer should be increased; that Jennifer had been admitted to Birmingham-Southern College and required continued child support beyond her minority; and that Jennifer was in need of orthodontic treatment. The mother sought an increase in child support, payment for the orthodontic treatment, child support for Jennifer’s college education, and a judgment for the unpaid dental and medical expenses.
On December 20,1991, the mother filed a petition for relief pendente lite in which she alleged that the original hearing regarding her petition to modify was originally scheduled for December 3, 1991; that the hearing was continued until February 6, 1992; that Jennifer had reached the age of majority on December 5, 1991; that Jennifer had completed the fall semester at Birmingham-Southern College and was due to begin her interim term on January 6, 1992, and her spring term on February 5, 1992; that she owed a balance of $2450.81 for her fees and charges from the first semester; and that Jennifer would be unable to enroll for the spring semester unless she could demonstrate an ability to pay her tuition and expenses for both semesters. This petition was denied on December 23, 1991.
Following an ore tenus proceeding in February, the trial court entered a judgment in which it denied the mother’s claims for unpaid medical and dental expenses and held that, in order for Jennifer to receive post-minority educational support from the father, she would have to “be enrolled as a full-time student carrying a normal full-time academic load ... in a state-supported, two-year or four-year accredited college in the State of Alabama.” (Emphasis added.)
The mother argues on appeal that the trial court abused its discretion by applying credit for amounts paid by the father to Kelli for her post-minority education against the medical and dental arrearage accrued on behalf of Jennifer; that the trial court abused its discretion in requiring Jennifer, who was already attending a private college, to attend a state-supported school in order to receive post-minority educational support from her father; and that the trial court abused its discretion by failing to order that Jennifer’s educational support be retroactively applied to the beginning of the 1991-1992 school year.
While the grant or denial of a credit against a child support arrearage is within the sound discretion of the trial court and will not be reversed absent a showing of plain and palpable abuse of discretion, Ladewig v. Moseley, 589 So.2d 738 (Ala.Civ.App.1991), this court has held:
“In Alabama, there is no authority for a court to credit the father with any support furnished for a child after the child reaches majority because the father has no legal obligation to furnish such support. See § 26-1-1, Code 1975. Therefore, since the father has no legal obligation to support, he has no legal ground to claim a credit against the ordered amount. Weaver v. Weaver, 401 So.2d 77 (Ala.Civ.App.), cert. denied, 401 So.2d 78 (Ala.1981).”
State ex rel. Davis v. Davis, 559 So.2d 60, 61 (Ala.Civ.App.1990) (emphasis in original).
The father testified that he paid Kelli $200 per month for the first year after she attained the age of majority and that he subsequently paid $200 per month to the mother through the court until Kelli married two years later. Kelli testified that the father agreed to pay her $200 per month even after she turned 19 as long as she was a full-time college student. The record reflects that the judgment of divorce did not impose an obligation on the father to provide post-minority educational support for Kelli. Hence, the father was under no legal obligation to support Kelli after she attained the age of majority. Since the father had no legal ground to claim a credit against the court-ordered obligation to pay for the medical and dental expenses of Jennifer, we find that the trial court abused its discretion when it credited the father’s payments to Kelli against the dental arrearage accrued on behalf of Jen *378 nifer. Davis. Therefore, the judgment of the trial court is reversed on this issue.
Next, the mother contends that the trial court abused its discretion in requiring Jennifer, who was already attending Birmingham-Southern College, to attend a state-supported, school in order to receive post-minority educational support from her father.
The trial court’s judgment reflects a thorough consideration of the financial resources of the parents and the aptitude of the child for the requested education, as set out in Ex parte Bayliss, 550 So.2d 986 (Ala.1989) (Bayliss I), and found that, had the parents not divorced, Jennifer would be living at home and attending the University of Alabama. The mother and the father were both employed by the University of Alabama.
In Bayliss v. Bayliss, 575 So.2d 1117 (Ala.Civ.App.1990) (Bayliss II), this court held that the trial court can limit the financial contribution of a parent to the cost of the educational institution that the child would have attended but for the divorce. However, we find that neither Bayliss I, Bayliss II, nor any other case dealing with post-minority educational support empowers a trial court to select the educational institution that the child must attend in order to receive post-minority educational support from a parent. In light of the criteria provided by our supreme court and by this court, we hold that the trial court abused its discretion when it held that Jennifer would have to enroll in a state-supported two-year or four-year accredited college in the State of Alabama in order to receive post-minority educational support from the father. This part of the trial court’s judgment is also reversed.
Finally, the mother contends that the trial court abused its discretion by failing to order that Jennifer’s educational support be retroactively applied to the beginning of the 1991-1992 school year.
In Bayliss II, this court held that “in cases involving post-minority support for college education where the child is already attending college, the decision rendered by the trial court will be retroactive to the time of the filing of the request.” 575 So.2d at 1122.
The record reflects that the mother filed the petition to modify the judgment of divorce concerning child support on August 28, 1991; that Jennifer entered Birmingham-Southern College in August 1991; and that the judgment of the trial court was entered on February 24, 1992. Therefore, we find that the trial court erred in not retroactively awarding Jennifer post-minority educational support from the date that the petition to modify was filed.
The judgment is reversed and the case is remanded for the trial court to determine the medical and dental expense arrearage, to determine the father’s post-minority college expense obligation for Jennifer retroactive to August 28, 1991, and to enter a judgment accordingly.
The father’s request for an attorney’s fee on appeal is denied.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and YATES, JJ., concur.