783 So.2d 24 (2000)
Ex parte FARMERS EXCHANGE BANK.
(In re Sara Cole v. Farmers Exchange Bank).
1990967.
Supreme Court of Alabama.
July 14, 2000.
Rehearing Denied September 1, 2000.
*26 Amy V. Bowman and William H. Webster of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for petitioner.
Charles Amos of Parkman & Associates, Dothan, for respondent.
Michael L. Edwards, H. Hampton Boles, and Robert C. Khayat, Jr., of Balch & Bingham, L.L.P., Birmingham, for amicus curiae Alabama Bankers Association, in support of the petitioner.
HOUSTON, Justice.
Sara Cole sued Jeffrey Allen Miller (who had sold her a used house) and Farmers Exchange Bank (which had provided financing for her to purchase the house). She sued in the Barbour Circuit Court, alleging fraudulent suppression or concealment related to the sale.
In Count Three, which contains the only allegation against the Bank, Cole alleges that the house had been inspected for termites; that the Bank knew or should have known that the house had termites and/or that it had termite damage; and that it proceeded to provide Cole financing to purchase the house, without informing her of the results of the termite inspection. Cole further alleges that the Bank "caused, permitted, condoned, or allowed... fraud to be perpetrated upon" her. For the purposes of this opinion, we will assume that Cole has adequately alleged fraudulent suppression.
Miller and the Bank each moved for a summary judgment. The circuit court entered a summary judgment for the Bank, but denied Miller's motion. The trial court then made the Bank's summary judgment final, pursuant to Rule 54(b), Ala. R. Civ. P. Cole appealed the summary judgment to this Court; we transferred the appeal to the Court of Civil Appeals. That court reversed the judgment and remanded the case, by a 3 to 2 decision. Cole v. Farmers Exchange Bank, 783 So.2d 16 (Ala.Civ. App.1999). We granted the Bank's petition for certiorari review. We reverse and remand.
On April 11, 1997, Cole contracted with Miller to purchase the house. The Bank's only role in the transaction was to provide Cole's financing for the purchase. The purchase/sale agreement made Miller responsible for, among other things, having a termite inspection of the house. Miller retained Copter Pest Control, which performed an inspection and presented Miller with a report of its findings. The report indicated termite damage. Miller and Cole discussed many existing problems with the house, but they never discussed the findings in the termite report. The report was brought to the closing, at the Bank's request, so that it could include the cost of the inspection as an "outside fee" on the Department of Housing and Urban Development (HUD) report. For the purposes of reviewing the Bank's summary judgment, we must assume that the Bank learned of the termite damage, from that report, while that report was in its possession.[1] Cole never, at any time, inquired of the Bank about the possibility *27 that the house she was purchasing had termite damage.
After taking possession of the house, Cole discovered that in fact the house had termite damage and active termites. Cole then sued Miller and the Bank. She contends that the Bank fraudulently concealed or suppressed the fact of the termite damage. The Bank argues that it had no duty to disclose that information to Cole because (1) she never requested such information from the Bank and (2) she and the Bank were not in any kind of confidential relationship that would require it to disclose such information in the absence of an inquiry.
A summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P. When reviewing a ruling on a motion for a summary judgment, this Court uses the same standard of review the trial court used "in determining whether the evidence before the court made out a genuine issue of material fact." Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). When a party moving for a summary judgment makes a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
In order to succeed on a fraudulent-suppression claim, the plaintiff must prove: (1) that the defendant suppressed a material fact; (2) that the defendant had had a duty to communicate that fact, arising from a confidential relationship or from the circumstances of the case; and (3) that the plaintiff was damaged as a result of the suppression. Ex parte Dial Kennels of Alabama, Inc., 771 So.2d 419 (Ala.1999). The question at issue in this case revolves around the second element of fraudulent suppressionspecifically, it is whether the Bank had a duty to disclose to Cole the termite damage indicated by Copter Pest Control's report. The existence of a duty is a question of law to be determined by the trial court. State Farm Fire & Cas. Co. v. Owen, 729 So.2d 834 (Ala. 1999). A duty to disclose can arise either from a confidential relationship with the plaintiff or from the particular circumstances of the case. Ala.Code 1975, § 6-5-102; Ex parte Ford Motor Credit Co., 717 So.2d 781, 785 (Ala.1997). This Court has stated that the only circumstance under which a lender who is merely providing financing for the sale of some item can have a duty to disclose information related to the condition of that item is if the plaintiff makes a specific request of the lender for that information. See Ex parte Ford Motor Credit Co., 717 So.2d at 785-87.
The trial court determined that the Bank had no duty to disclose information to Cole. However, the Court of Civil Appeals held that the Bank was liable for actively concealing the information concerning the termites. It based that holding on Soniat v. Johnson-Rast & Hays, 626 So.2d 1256 (Ala.1993). Soniat, like this case, dealt with a claim that in regard to the sale of a house someone had fraudulently suppressed information about termite damage. In applying Soniat to this present case, the Court of Civil Appeals stated:

*28 "Moreover, the Soniat court's reversal of the summary judgment as to not only the seller, but also ... the listing agency, makes [it] clear that no defendant can escape liability for active fraudulent concealment of a material fact merely by asserting the doctrine of caveat emptor, regardless of whether it was a party to the underlying sale transaction."
Cole, 783 So.2d at 22. That court stated that because the Bank had known of the termite damage and had failed to inform Cole, "a genuine issue of fact exists concerning whether the Bank fraudulently concealed the inspection report from Cole on the day of closing." Cole, 783 So.2d at 22. This was a misinterpretation of our holding in Soniat.
In Soniat, the plaintiffs alleged fraudulent suppression of termite damage to the housesuppression not only by the seller, but also by the listing agent. In discussing the liability of the listing agent, we held:
"[A] defendant who has no duty to disclose arising from his relationship with the plaintiff or the special circumstances of the transaction may nevertheless be liable for fraudulent concealment if he knowingly takes action to conceal a material fact with the intent to deceive or mislead the plaintiff. See § 6-5-103, Ala.Code 1975...."
Soniat, 626 So.2d at 1259. In other words, this Court held that the listing agent had no duty arising from the relationship between the agent and the buyers to disclose deficiencies in the house being sold. However, we also held that a separate duty to disclose any termite damage arose from the particular facts that surrounded that transaction, facts clearly indicating that the buyers had specifically requested that the termite report be presented to them before the sale. Because of this request, the seller and his agent had a duty to provide the complete termite report, and, because a material portion of the termite report presented to the buyers was missing, the jury could infer that the agent had breached the duty he owed to the buyers. Thus, that case presented a jury question.
The holding we have just quoted from Soniat is too loose. That holding is modified to read as follows, so as to accurately correspond to the facts in Soniat:
"A defendant who has no duty to disclose arising from his relationship with the plaintiff may nevertheless be liable for fraudulent concealment if he knowingly takes action to conceal a material fact that has been requested of him by the plaintiff and does so with the intent to deceive or mislead the plaintiff."
In Soniat, the buyers (the Soniats) required the seller to provide a termite bond, as a condition to closing. Soniat, 626 So.2d at 1259. A material document, which was part of the bond, was removed before the bond was given to the Soniats; thus, the Soniats did not receive the full information they had requested.
Cole made no specific request to the Bank that a termite bond be presented to her before closing. This distinguishes this case from Soniat. The sales contract between Miller and Cole provided that at the closing Miller would provide Cole with a termite-inspection report. It is without dispute that the termite report was given to the Bank for the sole purpose of allowing the Bank to record the amount of the inspection fee on the appropriate HUD report.
With Soniat clarified, we address the question whether the Bank had a duty to disclose to Cole information concerning termite damagea duty arising either from their relationship or from other circumstances surrounding the transaction in which they were both involved.
*29 In Lee v. United Federal Savings & Loan Ass'n, 466 So.2d 131 (Ala.1985), this Court dealt with the issue whether a lending institution could be held liable for fraud that might have occurred in a transaction in which it was merely providing financing. We held:
"[T]he mere lending of money on a house by a financial institution, albeit one with knowledge of deficiencies in the house, does not create a confidential relationship, or other circumstances imposing a duty to disclose information at the lender's disposal."
466 So.2d at 134. (Emphasis added.) As we have already stated, the Bank's single role was to provide financing to Cole. This Court in Lee made it clear that a lender in this kind of situation has no duty arising from the relationship between it and the borrower to inform the borrower of any deficiencies in the house she is purchasing, including deficiencies related to termite damage.
However, the Bank could still be liable to Cole if the situation between them is similar to the one in Soniati.e., if Cole made a specific request of the Bank for information about the possibility of termite damage. See Ex parte Ford Motor Credit Co., 717 So.2d at 786; Gewin v. TCF Asset Mgmt. Corp., 668 So.2d 523 (Ala.1995); Altmayer v. City of Daphne, 613 So.2d 366 (Ala.1993); Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238 (Ala.1992). This case is unlike Soniat, where the particular facts indicated that the buyer had asked for the relevant information, and a duty to disclose had thus arisen. In this present case, no evidence before the trial court suggested that a separate duty on the part of the Bank had arisen. While Cole did, through the purchase agreement, make inquiry of Miller (the seller) concerning termite damage, she made no request of the Bank concerning termite damage, either in the purchase agreement, orally, or otherwise. Therefore, no duty on the part of the Bank to disclose could have arisen.
Because a lender that is merely lending money to finance the purchase of a house has no duty to inform the buyer of any defects in the house that the lender may have knowledge of, in the absence of a specific request to the lender for information regarding those defects, the trial court properly entered the summary judgment for the Bank. Therefore, the judgment of the Court of Civil Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SEE, LYONS, and BROWN, JJ., concur.
COOK, JOHNSTONE, and ENGLAND, JJ., dissent.
JOHNSTONE, Justice (dissenting).
I respectfully dissent because the record contains substantial evidence which invalidates the summary judgment entered by the trial court. I will recite the tendencies of the evidence most favorable to Cole, the plaintiff-nonmovant, as the courts are required to consider the evidence submitted on a motion for summary judgment.
Several factual circumstances created a duty in the bank to disclose the termite infestation to Cole. First, the bank had prepared the contract to sell and to buy to be executed by the seller, Miller, and the buyer, Cole, and had included the requirement for the termite inspection and bond in the contract for better security of the loan the bank wanted to make to Cole for the purchase of the house. Second, the bank told Cole she did not need a lawyer at closing. Third, at the closing, the bank had possession and knowledge of both the termite bond and the inspection report *30 revealing termite infestation. Fourth, the bank delivered to Cole at closing a copy of the termite bond without the accompanying termite-inspection report.
Under these circumstances, the bank's delivering the innocuous termite bond without the termite-inspection report revealing infestation constituted telling Cole a half-truth which would necessarily lull her into not inquiring further about termite infestation. The bank's telling Cole this half-truth under these circumstances created in the bank the duty to tell Cole the rest of the truththat is, to provide Cole a copy of the inspection report revealing the infestation by termites.
The bank's withholding the termite-inspection report from Cole at the closing further constituted an active breach of the Bank's duty to tell Cole the rest of the truth about the termites. Moreover, the bank's dual interests in closing the loan support the inference that the bank suppressed the termite infestation with the intent to deceive Cole. The dual interests of the bank in closing the loan were, first, that Cole would pay the bank interest on the loan for the purchase price of the house and, second, from these purchase-price proceeds obtained by the seller Miller, the bank could simultaneously collect big debts owed it by Miller.
The special factual circumstances creating in the bank the duty to disclose the termite infestation to Cole, the active breach of that duty, the obvious materiality of the information suppressed, and the bank's intent to deceive or to mislead the plaintiff combined to constitute a valid claim for fraudulent suppression in this case. Ex parte Dial Kennels of Alabama, Inc., 771 So.2d 419 (Ala.1999), and Soniat v. Johnson-Rast & Hays, 626 So.2d 1256 (Ala.1993).
The main opinion expressly revises the language of the holding in Soniat, supra, in two ways. First, the main opinion eliminates from the Soniat holding the language to the effect that special circumstances can create a duty to disclose. This revision ignores established law. See, e.g., Dial Kennels, supra. Second, the main opinion adds to the Soniat holding an additional essential element: that the plaintiff must have requested the information suppressed by the defendant. Imposing the burden of this additional essential element on a plaintiff will reward a defendant for telling a plaintiff a half-truth and thereby lulling the plaintiff into not inquiring further. Soniat is good law as written by the Soniat Court.
Because substantial evidence of record supports the traditional essential elements of a fraudulent suppression by a violation of a duty created by special factual circumstances, summary judgment was inappropriate. Thus I would affirm the judgment of the Court of Civil Appeals reversing the summary judgment entered by the trial court in favor of the bank.
COOK and ENGLAND, JJ., concur.
NOTES
[1] Whether the Bank actually had knowledge of the damage at any point during the transaction is contested by the parties. However, when reviewing a ruling on a summary-judgment motion, this Court will view the evidence in the light most favorable to the nonmovant. Renfro v. Georgia Power Co., 604 So.2d 408 (Ala.1989). Therefore, we must view the evidence in the light most favorable to Cole and must assume the Bank had knowledge of the termite damage that was indicated by the report.