781 So.2d 973 (2000)
Glenda DOSS
v.
SERRA CHEVROLET, INC.
2990894.
Court of Civil Appeals of Alabama.
October 13, 2000.
*975 Arnold Scharfenberg of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Birmingham, for appellant.
Paul C. Garrison of Hall, Conerly, Mudd & Bolvig, P.C., Birmingham, for appellee.
ROBERTSON, Presiding Judge.
Glenda Doss appeals from a summary judgment entered by the Jefferson County Circuit Court on her claims alleging fraudulent misrepresentation and fraudulent suppression against Serra Chevrolet, Inc. ("Serra"). We affirm in part, reverse in part, and remand.
Doss filed her complaint in October 1999, seeking compensatory and punitive damages for an alleged fraud on the part of Serra in the sale of a motor vehicle to Doss's adult daughter, Margaret Meyer. In response, Serra filed an answer, a motion to compel arbitration, and a summary-judgment motion. In its summary-judgment motion, Serra averred that all of the documents[1] generated with respect to the sale, as well as the financing, of the vehicle, indicated that Doss "neither purchased nor held any ownership interest in the vehicle made the basis of the Complaint, and was not a party to any agreement with [Serra] or any other entity" concerning that sale or financing. Doss filed a response in which she contended that she had standing to assert fraud claims on her own behalf; attached to that response was her own affidavit. The trial court entered a summary judgment in favor of Serra.[2] Doss appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
Our review of the summary judgment is governed by the following principles:
"A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R.Civ.P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required."
Sizemore v. Owner-Operator Indep. Drivers Ass'n, Inc., 671 So.2d 674, 675 (Ala.Civ. App.1995) (citations omitted), cert. denied, 517 U.S. 1121, 116 S.Ct. 1354, 134 L.Ed.2d 522 (1996). "Substantial evidence" is "evidence of such weight and quality that fairminded *976 persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala. 1993). No presumption of correctness attaches to a summary judgment, and our review is de novo. Hipps v. Lauderdale County Bd. of Educ., 631 So.2d 1023, 1025 (Ala.Civ.App.1993) (citing Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992)).
According to Doss's affidavit, on January 29, 1999, Doss accompanied Meyer to Serra, and the two of them selected a 1999-model Hyundai Elantra automobile for Meyer to purchase. Doss alleged that Serra had represented to them, both in writing and orally, that the automobile was "new," although previously the automobile either had been sold or had been placed into "demonstrator" service by Serra; Doss further alleged that Serra had known about the actual status of the automobile at the time it made the alleged representations. Doss testified in her affidavit that she had made a down payment on the automobile to Serra by allowing her credit card to be charged in the amount of the down payment,[3] and that she would not have made that down payment on behalf of Meyer but for the alleged representations made by Serra employees.[4]
"To establish a prima facie case of fraudulent misrepresentation, a plaintiff [such as Doss] must show: (1) that the representation [by Serra] was false, (2) that it concerned a material fact, (3) that [she] relied on the false representation, and (4) that actual injury resulted from that reliance." Spooner v. State Farm Mut. Auto. Ins. Co., 709 So.2d 1157, 1160 (Ala.1997). Similarly, in order to support her fraudulent-suppression claims, Doss must show "(1) that [Serra] suppressed a material fact, (2) that [Serra] had a duty to communicate that material fact, either because of a confidential relationship between the parties, or because of the particular circumstances of the case, and (3) that [Doss] suffered actual injury as a result of the suppression." Id.
The thrust of Serra's summary-judgment motion was clearly that Doss was not entitled to recover because Meyer, and not Doss, was the party with whom Serra had contracted as the purchaser of the Hyundai Elantra automobile. Assuming the authenticity of the documents Serra attached to its summary-judgment motion, we agree that Doss did not enter into a written contract with Serra. However, "[i]t is not necessary to an action for misrepresentation that there be a contractual relationship between the representor and the person deceived." Mid-State Homes, Inc. v. Startley, 366 So.2d 734, 735-36 (Ala.Civ.App.1979). Similarly, "in an action alleging suppression of a material fact, a duty to disclose may be owed to a person with whom one has not had a contractual relationship or other dealings." Carter v. Chrysler Corp., 743 So.2d 456, 461 (Ala. Civ.App.1998) (internal quotation marks omitted). Although Alabama law recognizes that persons who are not parties to a *977 particular transaction generally have "no right of action [for fraud occurring during that transaction], there is an exception to this general rule: `If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place.'" Thomas v. Halstead, 605 So.2d 1181, 1184 (Ala.1992) (quoting 37 C.J.S. Fraud § 60 (1944)).
Serra posits that because Doss made the down payment on Meyer's behalf without obtaining an ownership or security interest in the automobile, we must conclude, under the principles outlined in Thomas, that Doss has not been "injured." However, Doss testified in her affidavit that she and her daughter went to Serra together and that she would not have made a down payment at all if Serra had not misrepresented to both of them the condition of the automobile they were considering.
Doss has adduced substantial evidence indicating that she provided a portion of the consideration for Serra's transfer of the automobile to Meyer, and that Doss's advancement of funds was based solely upon Serra's misrepresentations that Meyer would be acquiring a "new" automobile. To the extent, at least, that Doss supplied the funds for the down payment, Doss was injured because she herself did not receive the "benefit of the bargain": Meyer did not receive an automobile that conformed to Serra's representations. While Meyer may also have been injured by Serra's misrepresentations, to hold that Meyer is the only party with standing to complain of the misrepresentations would be, in effect, to hold that Doss could not possibly have been injured because she was required to contribute to her adult daughter's purchase of an automobile; that proposition would be contrary to Alabama law. See State ex rel. Davis v. Davis, 559 So.2d 60 (Ala.Civ.App.1990) (no legal obligation to support child over age of 19). We conclude that Doss has standing to bring a fraudulent-misrepresentation action against Serra, and that the summary judgment in favor of Serra was erroneous as to her claims asserting fraudulent misrepresentation. However, on the authority of Ex parte Farmers Exchange Bank, 783 So.2d 24 (Ala.2000), we reach a different conclusion as to Doss's claims of fraudulent suppression. In Farmers Exchange Bank, the Alabama Supreme Court modified and restated the holding of Soniat v. Johnson-Rast & Hays, 626 So.2d 1256 (Ala.1993), as follows:
"`A defendant who has no duty to disclose arising from his relationship with the plaintiff may nevertheless be liable for fraudulent concealment if he knowingly takes action to conceal a material fact that has been requested of him by the plaintiff and does so with the intent to deceive or mislead the plaintiff.'"
783 So.2d at 28 (emphasis added).
While Doss's complaint and affidavit do indicate that Serra made affirmative representations concerning whether the automobile in question was "new"representations that arguably would have given rise to a duty, under prior caselaw concerning fraudulent suppression, to make a full and fair disclosure to Doss (see Danley v. Murphy, 658 So.2d 483, 486 (Ala.Civ. App.1994); General Motors Corp. v. Bell, 714 So.2d 268, 280 (Ala.1996) (plurality opinion))the record contains no substantial evidence indicating that Doss ever expressly requested information concerning whether the automobile in question was "new." Therefore, based on Farmers Exchange Bank, we conclude that the summary judgment in favor of Serra was correct as to Doss's fraudulent-suppression claims.
*978 The summary judgment is affirmed insofar as it relates to Doss's claims alleging fraudulent suppression; it is reversed insofar as it relates to her claims alleging fraudulent misrepresentation; and the cause is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., concur in the result.
CRAWLEY, Judge, concurring in the result.
The mother's affidavit states that she heard Serra's representation that the car was new, that in reliance on that representation she provided her daughter $500 for a down payment on the car, and that if she had known the vehicle was not new then she would not have provided the money for the down payment. Thus, she alleges, she was damaged at least to the extent of the amount of the down payment.
In order to withstand Serra's motion for a summary judgment, the mother was required to submit substantial evidence indicating that she reasonably relied on Serra's misrepresentation and that the misrepresentation proximately caused her to incur damage. See Ex parte Government Employees Ins. Co., 729 So.2d 299, 304 (Ala.1999). Because credibility determinations are not permitted at the summary-judgment stage, see Camp v. Yeager, 601 So.2d 924, 929 (Ala.1992), the mother's affidavit provides substantial evidence on all the elements of the tort of misrepresentation.
I note, however, that a jury would be authorized to conclude that the mother did not incur any legally cognizable damage as a proximate result of Serra's misrepresentation. A reasonable view of the mother's testimony, taken in the light of common experience, might indicate that the mother had agreed to provide her daughter with a $500 down payment for a car, that the mother would have "lost" $500 regardless of the existence of the alleged misrepresentation, and that, even if the vehicle had been new, as Serra represented, the mother still would have "lost" $500. The jury could find that her parting with the money, therefore, was not proximately caused by Serra's misrepresentation, but by her decision to provide the down payment on a vehicle for her daughter.
NOTES
[1] Although a number of photocopied papers purporting to be copies of those documents were attached to Serra's summary-judgment motion, we note that none of those papers were "sworn or certified copies," as required by Rule 56(e), Ala.R.Civ.P. Yarborough v. Springhill Mem. Hosp., 545 So.2d 32, 34 (Ala. 1989).
[2] The trial court did not rule on Serra's motion to compel arbitration, on a motion to intervene that was filed by one of Serra's insurance carriers, or on Serra's motion to consolidate Doss's case with an action initiated by Meyer against Serra arising out of the same transaction.
[3] The attachments to Serra's summary-judgment motion indicate that the amount of Doss's advancement was $500.
[4] A subsequent bill sent by a finance company to Meyer's home listed both Meyer and Doss as owing an installment of $284.08, although Serra characterizes Doss's being named on that bill as a "clerical error" on the part of the finance company.