Plaintiffs Anthony S. Kinney, Nadine A. Kinney, Earl Adair, and Beverly Adair appeal the summary judgment entered in favor of defendants Joseph E. Conn III, a land surveyor, and Conn Surveyors (hereinafter collectively called "Conn") on all plaintiffs' claims of breach of contract, fraud, and wantonness, and the summary judgment entered in favor of defendants Roy W. Williams, Jr., an attorney, and his firm, Jackson Williams, a partnership (hereinafter collectively called "Williams"), on the Kinneys' claims consisting of several theories of legal malpractice and on the Adairs' claims of legal malpractice and *Page 754 
fraud consisting of negligent or mistaken misrepresentation. We affirm the summary judgment in favor of Conn on all claims by the Adairs and the Kinneys. We also affirm the summary judgment in favor of Williams on all claims by the Kinneys and on the legal malpractice claims by the Adairs. Because the summary judgments on these specified claims are supported by well-established law, this opinion will not discuss the issues argued by the plaintiffs on these specified claims. See Rule 53(a)(1) and (a)(2)(E) and (F), Ala. R.App. P.
This opinion will discuss only the summary judgment in favor of Williams on the fraud claims by the Adairs. We reverse the summary judgment in favor of Williams on the fraud claims by the Adairs.
This opinion will recount only the facts material to the issue of whether the trial court erred in entering summary judgment against the Adairs on their fraud claims of negligent or mistaken misrepresentation against Williams. In deciding a motion for summary judgment, or in reviewing a summary judgment, the court must accept the tendencies of the evidence most favorable to the nonmoving party and must resolve all reasonable factual doubts in favor of the nonmoving party. Bruce v. Cole, 854 So.2d 47 (Ala. 2003), and Pitney Bowes, Inc. v. Berney Office Solutions,823 So.2d 659 (Ala. 2001). See Ex parte Helms, 873 So.2d 1139 (Ala. 2003), and Willis v. Parker, 814 So.2d 857 (Ala. 2001). This opinion will recount the facts in accordance with this principle. Williams is the moving party; and the Adairs are the nonmoving parties.
The Adairs are a married couple. So are the Kinneys. Mr. Adair and Mrs. Kinney are brother and sister. The two couples agreed to cooperate in the purchase of a certain parcel of land about five acres in size so that one couple could build and live on one half and the other couple could build and live on the other half.
A paved road bordered the north end of the property. The couples' inquiries led them to believe the road was private, not public. The private character of the road was important to both couples because they wanted privacy and quiet.
After some preliminary negotiations, the Kinneys contracted in writing to buy the property from its owner, one Marcinowski, and the Adairs orally agreed with the Kinneys to buy one-half of the property from the Kinneys. The Kinneys and Marcinowski employed defendant Williams to prepare the deed from Marcinowski to the Kinneys and to obtain the title insurance.
The Kinneys and the Adairs disclosed their mutual interest in and plans for the property to Williams. The couples also told Williams the importance of the private character of the road along the north end of the property.
Williams also served as the closing agent for the sale by Marcinowski to the Kinneys. The Adairs as well as the Kinneys attended the closing of that sale. There Williams assured both couples that the road was private, not public; and Marcinowski and the Kinneys closed the sale to the Kinneys.
Several weeks later, in accordance with the couples' oral agreement, the Adairs bought half of the property from the Kinneys. Months thereafter, when the Adairs tried to stop neighbors from using the road, the Adairs learned that it was public, not private.
Among the claims the Adairs asserted in their action against Williams were fraud theories of negligent misrepresentation and innocent misrepresentation. In support of these theories and in opposition to *Page 755 
Williams's motion for a summary judgment, Mr. Adair testified that, but for Williams's assurances that the road was private, not public, the Adairs would not have bought their half of the property. He testified that they would not have bought the property had they known that the road was public or that its private status was uncertain.
The sole ground of Williams's motion for a summary judgment on the Adairs' claims was that the absence of an attorney-client relationship between Williams and the Adairs deprived them of standing to sue. Williams's motion for a summary judgment did not assert that the Adairs lacked substantial evidence of any of the essential elements of fraud — Williams's misrepresentations, their materiality, the Adairs' reliance to their detriment, or the reasonableness of their reliance. Therefore, unless the Adairs lack standing to sue, as Williams's motion asserts as its only ground, the summary judgment is erroneous. Liberty Nat'lLife Ins. Co. v. University of Alabama Health Servs. Found.,P.C., 881 So.2d 1013, 1020 (Ala. 2003), and Tanner v. StateFarm Fire Cas. Co., 874 So.2d 1058, 1065 (Ala. 2003).
The Adairs do not base their standing on any client-attorney relationship with Williams. Rather, the Adairs rely on Potter v.First Real Estate Co., 844 So.2d 540 (Ala. 2002), which bases a plaintiff's standing to sue for fraud on the defendant's knowledge of the plaintiff's interest in the matter misrepresented or concealed and on the plaintiff's exposure to and reliance on the fraudulent conduct.
In Potter, the plaintiffs, the Potters, were newlyweds who moved into a house that flooded. They sued the defendant real estate agents for fraudulently misrepresenting or concealing the flood-prone situation of the house in negotiating the sale of the house to Mr. Potter before the couple married. While Mrs. Potter (Jamie) had not been a party to the contract to purchase the house or to the purchase itself, the defendant agents had known of her prospective interest in the house, and she had participated in the negotiations. The Potter Court wrote:
 "Borden and First Real Estate challenge Jamie's standing to bring the action because she did not enter into any contract to purchase the property nor did she take title to the property. In Doss v. Serra Chevrolet, Inc., 781 So.2d 973, 976-77 (Ala.Civ.App. 2000), the Court of Civil Appeals addressed this issue:
 "`However, "[i]t is not necessary to an action for misrepresentation that there be a contractual relationship between the representor and the person deceived." Mid-State Homes, Inc. v. Startley, 366 So.2d 734, 735-36 (Ala.Civ.App. 1979). Similarly, "in an action alleging suppression of a material fact, a duty to disclose may be owed to a person with whom one has not had a contractual relationship or other dealings." Carter v. Chrysler Corp., 743 So.2d 456, 461 (Ala.Civ.App. 1998) (internal quotation marks omitted). Although Alabama law recognizes that persons who are not parties to a particular transaction generally have "no right of action [for fraud occurring during that transaction], there is an exception to this general rule: `If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place.'" Thomas v. Halstead, 605 So.2d 1181, 1184 (Ala. 1992) (quoting 37 C.J.S. Fraud § 60 (1944)).'
"(Emphasis added [in Potter].)
 "Although Jamie was Joseph's fiancee at the time of the transaction made the *Page 756 
basis of this action, this circumstance was known to Borden and First Real Estate, and her experience as a wife in a flooded house confers upon her standing to seek damages for fraud.'"
844 So.2d at 553 (emphasis other than as indicated added).
The Adairs in the case before us have the same kind of standing. Although Williams was not their attorney, he knew their interest in the property and in the private status of the road, and he directed his misrepresentations to the Adairs as well as to his clients the Kinneys. Therefore, the trial court erred in entering a summary judgment in favor of Williams on the Adairs' fraud claims.
We affirm the summary judgment in favor of Williams on all of the Kinneys' claims and on all of the Adairs' claims except their fraud claims. We also affirm the summary judgment in favor of Conn on all of the Adairs' claims and on all of the Kinneys' claims.
We reverse the summary judgment in favor of Williams on the Adairs' fraud claims. We remand this cause to the trial court for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOUSTON, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.